UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARTIN M. BREINER,                    )
                                      )
          Plaintiff,                  )
                                      )
vs.                                   )
                                      )        No.:
CITY OF CHICAGO, DAVID HAYNES,        )
JOHN ESCALANTE, KEVIN MULCAHY,        )
UNIDENTIFIED OFFICER, and             )
UNITED ROAD TOWING SERVICES,          )
INC,                                  )
                                      )
          Defendants.                 )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MARTIN M. BREINER, by and through his attorney in this regard, GIGI GILBERT, and complaining of Defendants, CITY OF CHICAGO, DAVID HAYNES, JOHN ESCALANTE, KEVIN MULCAHY, and UNIDENTIFIED CHICAGO POLICE OFFICERS, AND UNITED ROAD TOWING SERVICES, INC., states as follows:

### NATURE OF CASE

1.    This suit arises from the violation of civil rights of Plaintiff, MARTIN M. BREINER, ("BREINER") for illegal seizure of his vehicles and violation of due process of law and civil conspiracy pursuant to 42 U.S.C. § 1983 and state law claims for respondeat superior, indemnification, malicious prosecution and negligence.

### JURISDICTION

2.    Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). This court has supplemental pendent jurisdiction over his state law claims.

### VENUE

1

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in Northern District of Illinois, Eastern Division.

## PARTIES

4.      Plaintiff, BREINER, is a resident of the City of Chicago, County of Cook, State of Illinois.

5.      Defendants, DAVID HAYNES ("HAYNES"), JOHN ESCALANTE ("ESCALANTE"), KEVIN MULCAHY("MULCAHY"), and UNIDENTIFED OFFICERS are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendants were acting in the course and scope of their employment, and under color of state law.

6.      Defendants are sued in their individual capacities.

7.      Defendant, CITY OF CHICAGO ("CITY"), is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendants.

8.      Defendant, UNITED ROAD TOWING SERVICES, INC. ("UNITED ROAD") is an Illinois corporation doing business in the County of Cook.

## FACTS

9.      This case arises from the malicious issuance of thirteen baseless and contrived parking tickets to BREINER, and the accompanying immediate tow of his vehicles without probable cause or due process of law. All fifteen tickets were issued by Defendants HAYNES, ESCALANTE, MULCAHY and/or other unknown Chicago Police Officers. Each in-person hearing to contest the parking tickets and separate in-person hearing to contest the tow of his vehicle were terminated in BREINER's favor. On

2

one occasion more than one of BREINER's vehicles were ticketed and towed at the same time. The vehicles were towed by and taken to a pound operated by UNITED ROAD located at 701 N. Sacramento Ave., Chicago. When BREINER retrieved his vehicles from the pound he discovered the vehicles had been physical damaged and/or had items missing from them.

10. On February 15, 2012, at or near 24 W. Schiller, Chicago, BREINER received a parking ticket issued by Defendant, HAYNES, Star # 458, for allegedly "abandoned auto" and his vehicle, a 2002 Nissan, was immediately towed by UNITED ROAD.

11. On June 28, 2012, at or near 1329 N. Dearborn, Chicago, BREINER received a parking ticket issued by Defendant, ESCALANTE, Star # 429 for allegedly "low tires" and his vehicle, was immediately towed by UNTED ROAD.

12. On June 28, 2012, at or near 1343 N. Dearborn, Chicago, BREINER received a parking ticket issued by Defendant, ESCALANTE, Star # 429 for allegedly "sitting for weeks" and his vehicle, a 2008 Toyota, was immediately towed by UNITED ROAD.

13. On June 28, 2012, at or near 1347 N. Dearborn, Chicago, BREINER received a parking ticket issued by Defendant, ESCALANTE, Star # 429, with no description of why he received the ticket and his vehicle, a 2002 Nissan, was immediately towed by UNITED ROAD.

14. On June 28, 2012, at or near 1356 N. Dearborn, Chicago, BREINER received a parking ticket issued by Defendant, ESCALANTE, Star # 429, with no description indicated of why he received the ticket and his vehicle, a 2008 Nissan, was

immediately towed by UNITED ROAD.

15.    On August 21, 2012, at or near 51 W. Schiller, Chicago, BREINER received a parking ticket issued by Defendant, HAYNES, Star # 458, for allegedly "hazardous" and his vehicle, a 2002 Nissan was immediately towed by UNITED ROAD.

16.    On August 21, 2012, at or near 49 W. Schiller, Chicago BREINER received a parking ticket issued by Defendant, HAYNES, Star # 458, for allegedly "hazardous" and his vehicle, a 2002 Nissan was immediately towed by UNITED ROAD.

17.    On August 21, 2012, at or near 47 W. Schiller, Chicago, BREINER received a parking ticket issued by Defendant, HAYNES, Star # 458 for allegedly "hazardous" and his vehicle was immediately towed by UNITED ROAD.

18.    On August 21, 2012, at or near 135 W. Schiller, Chicago, BREINER received a parking ticket issued by Defendant, HAYNES, Star # 458 for allegedly "hazardous" and his vehicle was immediately towed by UNITD ROAD.

19.    On October 11, 2012, at or near 133 W. Schiller, Chicago, BREINER received a parking ticket issued by Defendant, MULCAHY, Star # 19640, for allegedly "abandoned vehicle" and his vehicle, a 2008 Toyota Yaris, was immediately towed by UNITED ROAD.

20.    On October 11, 2012, at or near 131 W. Schiller, Chicago, BREINER received a parking ticket issued by Defendant, MULCAHY, Star # 19640, for allegedly "abandoned vehicle" and his vehicle, 2008 Nissan Versa, was immediately towed by UNITED ROAD.

21.    On October 16, 2012, upon retrieving his vehicle from UNITED ROAD, BREINER discovered that his 2008 Nissan Versa was damaged.

22.    On October 16, 2012, upon retrieving his vehicle from UNITED ROAD, BREINER discovered that his 2008 Toyota Yaris was damaged.

23.    On February 7, 2013 at or near 1355 N. Dearborn, Chicago, BREINER received a parking ticket issued by Defendant, HAYNES, Star # 458 for allegedly "abandoned vehicle" and his vehicle was immediately towed by UNTIED ROAD.

24.    On February 13, 2013 at or near1355 N. Dearborn, Chicago, BREINER received a parking ticket issued by Defendant, HAYNES, Star # 458 for allegedly "abandoned vehicle" and his vehicle was immediately towed by UNTIED ROAD.

25.    BREINER did not commit the violations listed on the parking tickets.

26.    The parking tickets were issued without probable cause for Defendants HAYNES, ESCALANTE, MULCAHY and/or other unknown Chicago Police Officers to believe that BREINER was committing or had committed a crime.

27.    BREINER contested all of the parking violations and each violation was resolved in his favor.

28.    The Defendants, HAYNES, ESCALANTE, MULCAHY and/or other unknown Chicago Police Officers conspired together to issue BREINER the aforementioned bogus tickets without probable cause to believe he committed the violations cited therein.

29.    Defendants, HAYNES, ESCALANTE, MULCAHY and/or other unknown Chicago Police Officers, acted willfully and wantonly, maliciously, and with a conscious disregard and reckless indifference to Plaintiff's rights.

30.    As a direct and proximate result of Defendants' actions, BREINER, suffered and continues to suffer mental anguish, psychological and emotional distress,

pain and suffering, economic losses, some or all of which may be permanent.

## COUNT I - ILLEGAL SEIZURE - 42 U.S.C. § 1983-4TH AMENDMENT

31.     BREINER realleges paragraphs 1 through 30 as if fully set forth herein.

32.     Defendants ticketing and towing of BREINER's vehicles was a seizure as contemplated under 42 U.S.C. § 1983.

33.     Defendants illegally seized BREINER's vehicles without probable cause to believe he had committed, was committing or was about to commit any parking or other offense in violation of the Fourth Amendment and 42 U.S.C. § 1983.

34.     As a direct and proximate result of Defendants' actions, BREINER, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, MARTIN M. BREINER. prays that this Honorable Court enter a judgment in his favor and against Defendants, DAVID HAYNES, JOHN ESCALANTE, KEVIN MULCAHY, and UNKNOWN CHICAGO POLICE OFFICERS, for the following relief:

(a)     Compensatory damages in an amount to be determined at trial;

(b)     Punitive damages in an amount to be determined at trial;

(c)     Reasonable attorneys fees and costs pursuant to statute; and

(d)     Such other and further relief as this court deems reasonable.

## COUNT II-DUE PROCESS OF LAW- 42 U.S.C. § 1983-14$^{TH}$AMENDMENT

35.     BREINER re-alleges paragraphs 1 through 34 as if fully set forth herein.

36.     The ticketing and immediate tow of BREINER's vehicles was done without notice or an opportunity for a meaningful pre-seizure hearing and therefore

violated Plaintiff's due process rights in violation of the 14th Amendment and 42 U.S.C. § 1983.

37.    As a direct and proximate result of Defendants' actions, BREINER, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, MARTIN M. BREINER. prays that this Honorable Court enter a judgment in his favor and against Defendants, DAVID HAYNES, JOHN ESCALANTE, KEVIN MULCAHY, and UNKNOWN CHICAGO POLICE OFFICERS, for the following relief:

(a)    Compensatory damages in an amount to be determined at trial;

(b)    Punitive damages in an amount to be determined at trial;

(c)    Reasonable attorneys fees and costs pursuant to statute; and

(d)    Such other and further relief as this court deems reasonable.

### III-DUE PROCESS OF LAW-42 U.S.C. § 1983-14TH AMENDMENT

38.    BREINER realleges paragraphs 1 through 37 as if fully set forth herein.

39.    Defendants, HAYNES, ESCALANTE, MULCAHY and/or other unknown Chicago Police Officers, deprived Plaintiff, BREINER, of fair legal proceedings by engaging in multiple acts which include, but are not limited to, submitting false police reports, submitting a false tow reports, submitting false citations and otherwise acting to deny plaintiff fair legal proceedings.

40.    As a direct and proximate result of Defendants' HAYNES, ESCALANTE, MULCAHY and/or other unknown Chicago Police Officers actions, BREINER, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and

suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, MARTIN M. BREINER. prays that this Honorable Court enter a judgment in his favor and against Defendants, DAVID HAYNES, JOHN ESCALANTE, KEVIN MULCAHY, and UNKNOWN CHICAGO POLICE OFFICERS, for the following relief:

(a)     Compensatory damages in an amount to be determined at trial;

(b)     Punitive damages in an amount to be determined at trial;

(c)     Reasonable attorneys fees and costs pursuant to statute; and

(d)     Such other and further relief as this court deems reasonable.

### IV- STATE LAW RESPONDEAT SUPERIOR

41.     BREINER alleges the allegations contained in paragraphs 1-40 above as if fully set forth herein.

42.     In committing the acts alleged in the preceding paragraphs, the Defendant officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

43.     Defendant, CITY OFCHICAGO, is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, MARTIN M. BREINER. prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO, for the following relief:

(a)     Compensatory damages in an amount to be determined at trial;

(b)     Reasonable attorneys fees and costs pursuant to statute; and

(c)     Such other and further relief as this court deems reasonable

## COUNT V - STATE LAW INDEMNIFICATION

44.     BREINER re-alleges the allegations contained in paragraphs 1-43 above as if fully set forth herein.

45.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

46.     Defendants, DAVID HAYNES, JOHN ESCALANTE, KEVIN MULCAHY, and other UNIDENTIFIED POLICE OFFICERS were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, MARTIN M. BREINER, prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO for the following relief:

(a)     Compensatory damages in an amount to be determined at trial;

(b)     Reasonable attorneys fees and costs; and

(c)     Such other and further relief as this court deems reasonable.

## COUNT VI - STATE MALICIOUS PROSECUTION

47.     BREINER alleges the allegations contained in paragraphs 1-46 above as if fully set forth herein.

48.     Defendants, HAYNES, ESCALANTE, MULCAHY, and other UNIDENTIFIED OFFICERS commenced legal proceedings against BREINER by ticketing and towing his vehicles requiring that he defend himself in the City of Chicago, Illinois Department of Administrative Hearings with parking citations and tow citations.

49.     The charges brought against BREINER were terminated in his favor.

50.     Defendants, HAYNES, ESCALANTE, MULCAHY, and other UNIDENTIFIED OFFICERS did not have probable cause to commence legal proceedings against BREINER.

51.     Defendants, HAYNES, ESCALANTE, MULCAHY, and other UNIDENTIFIED OFFICERS acted with malice and/or reckless indifference when the Defendants initiated proceedings against BREINER by ticketing and towing his vehicles.

52.     As a direct and proximate result of Defendants' actions, BREINER, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, MARTIN M. BREINER, prays that this Honorable Court enter a judgment in his favor and against Defendants, DAVID HAYNES, JOHN ESCALANTE, KEVIN MULCAHY, and other UNIDENTIFIED OFFICERS for the following relief:

(a)     Compensatory damages in an amount to be determined at trial;

(b)     Punitive damages in the amount to be determined at trial;

(c)     Reasonable attorneys fees and costs; and

(d)     Such other and further relief as this court deems reasonable.

## COUNT VII - STATE NEGLIGENCE

53.     BREINER alleges the allegations contained in paragraphs 1-52 above as if fully set forth herein.

54.     When Defendant, UNITED ROAD towed BREINER's vehicles it took exclusive control of the vehicle, undertook a bailor-bailee relationship with BREINER

and had a duty to safeguard the vehicle and property within from damage or theft.

55.     Defendant, UNITED ROAD, breached this duty to BREINER and failed to exercise the required care in safeguarding the vehicles by negligently towing and/or storing BREINER'S vehicles resulting in property damage and/or theft to the vehicles.

56.     As a direct and proximate result of Defendants' actions or omissions, BREINER, suffered and continues to suffer damages including but not limited to mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, MARTIN M. BREINER, prays that this Honorable Court enter a judgment in his favor and against Defendants, for the following relief:

(a)     Compensatory damages in an amount to be determined at trial;

(b)     Such other and further relief as this court deems reasonable.

**COUNT VIII - (CIVIL CONSPIRACY - 42 U.S.C. § 1983)**

57.     BREINER alleges the allegations contained in paragraphs 1-56 above as if fully set forth herein.

58.     Defendants, HAYNES, ESCALANTE, MULCAHY, UNITFIED OFFICERS and UNITED ROAD acted in concert pursuant to an agreement to deprive BREINER of his constitutional rights under the fourth and fourteen amendment.

59.     Defendants, HAYNES, ESCALANTE, MULCAHY, UNIDENTIFIED OFFICERS and UNITED ROAD conspired and acted together to issue BREINER false parking citations and immediately tow his vehicles.

60.     The last citation issued without probable cause that BREINER received was on February 13, 2013 by HAYNES.

11

61.     Defendants, HAYNES, ESCALANTE, MULCAHY, UNIDENTIFIED

OFFICERS and UNITED ROAD knowingly and intentionally schemed and worked

together in a common plan to issue Plaintiff, BREINER, the false parking tickets and

deprived him of his constitutional rights.

62.     As described above, BREINER suffered harm and injury as a result of

Defendants' conspiracy to deprive him of his constitutional rights.

WHEREFORE, Plaintiff, MARTIN M. BREINER, prays that this Honorable

Court enter a judgment in his favor and against Defendants, DAVID HAYNES, JOHN

ESCALANTE, KEVIN MULCAHY, and other UNIDENTIFIED OFFICERS and

UNITED ROAD TOWING SERVICES, INC. for the following relief:

(a)     Compensatory damages in an amount to be determined at trial;

(b)     Punitive damages in the amount to be determined at trial;

(c)     Reasonable attorneys fees and costs; and

(d)     Such other and further relief as this court deems reasonable

Respectfully Submitted,


By://s// Gigi Gilbert_____


Gigi Gilbert
Attorney for Plaintiff
53 W. Jackson, Suite #356
Chicago, IL 60604
(312) 554-0000
#6199394