UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN M. BREINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 1696 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| CITY OF CHICAGO, ANTHONY SARNO, ) | |
| SAMUEL DECERO, KEVIN MULCAHY, ) | |
| UNIDENTIFIED OFFICER, and UNITED ) | |
| ROAD TOWING SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

After Plaintiff Martin M. Breiner's four cars were towed thirteen times in a year by the same police unit, he filed an amended complaint against the City of Chicago (the "City"), Chicago Police Officers Anthony Sarno, Samuel Decero, Kevin Mulcahy, and an unidentified police officer (collectively, the "City defendants"), and United Road Towing Services, Inc. ("United Road"), alleging claims under 42 U.S.C. § 1983 for unlawful seizure under the Fourth Amendment (Count I), violation of procedural and substantive due process (Counts II and III), and conspiracy to deprive Breiner of his constitutional rights (Count VIII). Breiner also brings state law claims for respondeat superior (Count IV), indemnification (Count V), malicious prosecution (Count VI), and negligence (Count VII). Before the Court are the City defendants' and United Road's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that some of Breiner's claims state a basis for relief, the City defendants' motion to dismiss [28] is granted in part and denied in part, and United Road's motion to dismiss [27] is denied.

# BACKGROUND[1]

Between February 15, 2012 and February 13, 2013, Sarno, Decero, and Mulcahy issued thirteen parking tickets to four of Breiner's vehicles that were parked near the intersection of W. Schiller St. and N. Dearborn St. in Chicago. Immediately after the tickets were written, Breiner's cars were towed by United Road. Specifically, on February 15, 2012, Sarno issued a parking ticket for Breiner's 2002 Nissan for allegedly being an "abandoned auto." Am. Compl. ¶ 10. On June 28, 2012, Decero issued tickets to four of Breiner's vehicles, with two of the tickets including no description of the reason for the ticket and the other two for allegedly "low tires" and "sitting for weeks." *Id.* ¶¶ 11–14. Then, on August 21, 2012, Sarno issued four tickets to Breiner, with the reason stated on all four being that his cars were "hazardous." *Id.* ¶¶ 15–18. On October 11, 2012, Mulcahy issued two tickets for Breiner's 2008 Toyota Yaris and 2008 Nissan Versa, claiming these vehicles were abandoned. *Id.* ¶¶ 19–20. When Breiner retrieved these two vehicles on October 16, 2012 from United Road, he found them damaged. On February 6, 2013, Sarno issued a ticket for one of Breiner's vehicles, which listed the reason as "abandoned vehicle for 7 days or inoperable." *Id.* ¶ 23. Finally, on February 13, 2013, Sarno issued another ticket claiming that one of Breiner's vehicles was a "hazardous dilapidated vehicle." *Id.* ¶ 24. Breiner contested each of these tickets, with each violation resolved in his favor.

# LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-

---

[1] The facts in this section are taken from Breiner's amended complaint and are presumed true for the purpose of resolving the motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS[2]

### I. Procedural Due Process Claim (Count II)

Breiner alleges that the immediate towing of his vehicles without a pre-deprivation hearing constitutes a Fourteenth Amendment procedural due process violation. Defendants argue, however, that the majority of his claims are foreclosed by Seventh Circuit case law.

To state a procedural due process claim, Breiner must allege (1) that he had a protected property or liberty interest under the Fourteenth Amendment, (2) that he was deprived of that interest, and (3) the denial of due process. *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010). The City defendants do not contest that Breiner has a protected property interest in his vehicles or that he was deprived of that interest when his vehicles were towed. *See Sutton v. City of Milwaukee*, 672 F.2d 644, 645 (7th Cir. 1982) ("Since a person's car is property, the state may not deprive him of it without due process of law; and the deprivation need not be permanent to be actionable."). The City defendants also concede that notice and an opportunity for a hearing is required before abandoned vehicles may be towed. Doc. 31 at 3; *see Graff v. Nicholl*, 370 F.

---

[2] In its motion, the City defendants argued that Breiner's complaint should be dismissed on waiver and res judicata grounds. The City defendants withdrew these arguments in reply, *see* Doc. 31 at 1, and thus the Court need not address them here.

Supp. 974, 983 (N.D. Ill. 1974). Thus, there is no dispute that Breiner may proceed with his procedural due process claims for those tickets where his vehicles were classified as abandoned. Although the City defendants argue that this should not include the February 6, 2013 ticket that described his vehicle as "abandoned . . . or inoperable," the Court finds this ticket to come within *Graff*'s definition of an abandoned vehicle. *See Graff*, 370 F. Supp. at 978, 980 (describing car at issue as "incapable of being driven" where the left front axle of the vehicle had been raised off the ground and was supported by a milk crate for approximately a month, noting that a presumption of abandonment arose under the Municipal Code where a vehicle was "in such a state of disrepair as to be incapable of being driven in its present condition"); *see also Redwood v. Lierman*, 772 N.E.2d 803, 814, 331 Ill. App. 3d 1073, 265 Ill. Dec. 432 (2002) (pre-deprivation hearing necessary where case involved inoperable vehicle on private residential property); *Kness v. City of Kenosha, Wis.*, 669 F. Supp. 1484, 1492–94 (E.D. Wis. 1987) (pre-deprivation hearing required for cars that are considered "inoperable, unlicensed, unroadworthy, disassembled or wrecked").

The City defendants contend, however, that Breiner was not entitled to notice or a pre-deprivation hearing for the remaining tickets. Two of these tickets gave no reason for the tow, while the others stated that the vehicle had "low tires" or was "hazardous" or "hazardous [and] dilapidated." Am. Compl. ¶¶ 11, 13–18, 24. The City defendants argue that these tickets fall within the Seventh Circuit's holding in *Sutton* that due process is not violated where an illegally parked car is towed without first giving the owner notice and an opportunity to be heard. 672 F.2d at 646. But because the tickets were not based on claims that Breiner's vehicles were illegally parked, *Sutton* does not control and the Court must determine whether, taking the facts

4

in the light most favorable to Breiner, he has sufficiently alleged a due process challenge to the remaining tickets.

Absent exigent circumstances, "pre-deprivation notice and hearing represent the norm and the state must forward important reasons to justify a departure therefrom." *Miller v. City of Chicago*, 774 F.2d 188, 191 (7th Cir. 1985). In certain circumstances, however, a due process violation will not be found where adequate post-deprivation process is provided. *Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). To determine whether pre-deprivation process is required, the Court uses the three-part inquiry set forth by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). This inquiry balances (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

Courts have recognized that the property interest involved in situations like those alleged here, where a car is towed, is relatively slight, as what is at stake is the "use of the car for a short period." *Sutton*, 672 F.2d at 646; *see also Miller*, 774 F.2d at 192 ("The property interest involved here is not of prime significance for the impounding of stolen cars is temporary."). But that is not to say that the interest is not important, with the "degree of importance ascribed to such property interest . . . depend[ing] on the duration of the deprivation" and the extent to which the deprivation interferes with one's ability to make a living and provide for oneself. *Perry v. Vill. of Arlington Heights*, No. 94 C 58, 1994 WL 270290, at *3 (N.D. Ill. June 14, 1994).

5

As for the second and third prongs of the *Mathews* inquiry, Breiner may be able to establish that additional safeguards are required to prevent errors with respect to the tickets where no basis for the tow was given and that the government's interest does not outweigh the additional burden of these safeguards. For those tickets, it is impossible for the Court to determine whether the situation is more akin to that of an abandoned car, in which pre-deprivation process is required, or to that of an illegally parked car, in which the Seventh Circuit has held that pre-deprivation process is not required. *Compare Graff*, 370 F. Supp. at 983, *with Sutton*, 672 F.2d at 646. Similarly, the ticket given for "low tires" is comparable to one for an inoperable vehicle, which the Court has already determined may require pre-deprivation process. But, where a hazardous vehicle is allegedly involved, the government's interest in ensuring safety outweighs the costs that would accompany a pre-towing hearing. *See Graff*, 370 F. Supp. at 982 (noting that cars that are considered hazards are subject to immediate tow); *cf. Sutton*, 672 F.2d at 646 (cost of notice and hearing "is clearly prohibitive . . . when the illegally parked car is blocking traffic or otherwise causing an emergency, for in that case there is no feasible alternative to towing"); *Perry v. Vill. of Arlington Heights*, 905 F. Supp. 465, 468–69 (N.D. Ill. 1995) (requiring pre-deprivation process where vehicle was presumably abandoned but did not pose a safety hazard). Thus, Breiner's procedural due process claim may not proceed as to the five tickets for which his vehicles were classified as "hazardous."

## II. Substantive Due Process Claim (Count III)

In count III, Breiner alleges that the City defendants violated his substantive due process rights by "depriv[ing] [him] of fair legal proceedings by engaging in multiple acts which include, but are not limited to, submitting false police reports, submitting a false tow reports [sic], submitting false citations and otherwise acting to deny plaintiff fair legal proceedings." Am.

6

Compl. ¶ 39. "Substantive due process claims can address harmful, arbitrary acts by public officials." *Geinosky v. City of Chicago*, 675 F.3d 743, 750 (7th Cir. 2012). But substantive due process claims must meet a "high standard," requiring allegations that the alleged conduct "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998); *Geinosky*, 675 F.3d at 750.

In *Geinosky*, the Seventh Circuit found an analogous substantive due process claim wanting. 675 F.3d at 750. There, the plaintiff alleged that he had received twenty-four illegitimate parking tickets over a fourteen-month period from the same unit of the Chicago Police Department. *Id.* at 745. Some of the tickets had sequential citation numbers and implied that his vehicle was in two places almost at the same time. *Id.* Others were issued while the plaintiff did not have possession of his car. *Id.* All of the tickets were dismissed, but the plaintiff was required to appear in court seven times to obtain their dismissal. *Id.* Although the Seventh Circuit found the plaintiff had sufficiently alleged a class of one equal protection claim, it affirmed the dismissal of his substantive due process claim as the alleged conduct did not "suggest[ ] a deprivation that 'shocks the conscience' in the sense required in due process cases." *Id.* at 750 (citing *Rochin v. California*, 342 U.S. 165, 172, 72 S. Ct. 205, 96 L. Ed. 183 (1952) (forcible stomach pumping to retrieve swallowed evidence was a substantive due process violation); *Lewis*, 523 U.S. at 846, 854 (tactics in high-speed chase did not shock the conscience even though they unintentionally resulted in fleeing suspect's death); *Tun v. Whitticker*, 398 F.3d 899, 902–03 (7th Cir. 2005) (expulsion of student did not shock the conscience)). Like the allegations in *Geinosky*, Breiner's allegations do not rise to the level required to state a substantive due process claim. Thus, Breiner's substantive due process claim must be dismissed.

7

**III.     Conspiracy Claim (Count VII)**

The City defendants argue that Breiner's conspiracy claim must be dismissed because his allegations do not meet Rule 8's pleading requirements. United Road additionally argues that the conspiracy claim fails because Breiner cannot allege an underlying constitutional violation. As discussed above, however, Breiner has properly stated a procedural due process claim as it relates to eight of the alleged instances and thus United Road's argument fails.[3] Moreover, his allegations sufficiently allege a pattern of harassment by the City defendants and United Road that plausibly suggests a conspiracy. This case again is analogous to *Geinosky*, where the Seventh Circuit found that despite "rather conclusory direct allegations of conspiracy . . . . [i]t is a challenge to imagine a scenario in which [the alleged pattern of] harassment would not have been the product of a conspiracy." 675 F.3d at 749. Breiner has alleged that on multiple occasions over an extended period of time, members of the same City police unit, in addition to United Road, acted in the same way to have his vehicles towed. This is sufficient under *Twombly* and *Iqbal* to allege a claim for civil conspiracy. *Id.* ("If several members of the same police unit allegedly acted in the same inexplicable way against a plaintiff on many different occasions, we will not dismiss a complaint for failure to recite language explicitly linking these factual details to their obvious suggestion of collusion.").

---

[3] United Road also argues that Breiner cannot bring his illegal seizure claim against United Road because probable cause is not required for the City to issue parking tickets and impound vehicles. The Court need not address this argument, however, as the illegal seizure claim is not directed against United Road. The City defendants, against whom the illegal seizure claim is directed, do not argue for its dismissal. Moreover, "[a]n impoundment must either be supported by probable cause, or be consistent with the police role as 'caretaker' of the streets and completely unrelated to an ongoing criminal investigation." *United States v. Duguay*, 93 F.3d 346, 352 (7th Cir. 1996). At this stage, drawing all inferences in favor of Breiner, Breiner's illegal seizure claim must be allowed to proceed.

8

### IV. Malicious Prosecution Claim (Count VI)

Breiner's malicious prosecution claim is governed by a one-year statute of limitations, which accrued at the time the state proceedings were terminated in Breiner's favor. 745 Ill. Comp. Stat. 10/8-101(a); *Noel v. Coltri*, No. 10 CV 8188, 2013 WL 3276742, at *1 (N.D. Ill. June 27, 2013). The City defendants argue that Breiner's malicious prosecution claim with respect to the ticket issued on February 15, 2012 must be dismissed because this action was filed on March 5, 2013, more than one year after the ticket was issued. The statute of limitations is an affirmative defense that need not be anticipated in the complaint in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But that is not the case where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where relevant dates were set forth in the complaint). Although Breiner has alleged that the charges brought against him were terminated in his favor, he has not alleged when he succeeded in defeating the ticket that was issued on February 15, 2012. Because his complaint does not conclusively demonstrate that his malicious prosecution claim with respect to the February 15, 2012 ticket is time-barred, the Court will not dismiss it at this time.

### V. Negligence Claim (Count VII)

The City defendants move to dismiss Breiner's negligence claim, which is premised on damage to Breiner's vehicles caused by United Road. But Breiner's negligence claim is only directed against United Road and includes no allegations that the City defendants acted negligently. Nor does Breiner make any argument in response that his negligence claim should

9

be allowed to proceed against the City defendants.  Thus, to the extent that the negligence claim can be read as being asserted against the City defendants, it is dismissed.

## CONCLUSION

For the foregoing reasons, the City defendants' motion to dismiss [28] is granted in part and denied in part, and United Road's motion to dismiss [27] is denied.  Count II is dismissed with respect to the four tickets issued on August 21, 2012 and the ticket issued on February 13, 2013.  Count III is dismissed.  Count VII is dismissed against the City defendants.  Defendants are ordered to answer the remaining counts of the amended complaint by March 26, 2014.


Dated: March 4, 2014

SARA L. ELLIS
United States District Judge